IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY B. THOMAS,

    **Plaintiff,**

    v.

C. BLAKE, et al.,

    **Defendants.**

Case No. 15-3257-SAC-DJW

## MEMORANDUM AND ORDER

The matter before the Court is on the Court's Notice and Order to Show Cause ("NOSC") (Doc. 37). On August 11, 2016, United States Magistrate Judge David J. Waxse ordered Plaintiff to show good cause in writing by September 2, 2016 to the undersigned as to why his case should not be dismissed as to Defendants Russell, Fogleman, and Roberts for failure to state a claim upon which relief may be granted, because he seeks relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. §1915A(b)(2). Plaintiff has not responded, and the time to do so has now expired. For this reason, and the reasons outlined in Judge Waxse's NOSC, the Court dismisses Defendants Russell, Fogleman, and Roberts as defendants in this case.

Despite not filing a response to the NOSC, Plaintiff filed three new motions. Plaintiff's Motion for Chronological Case Summary Report (Doc. 41) is his fifth virtually, if not completely, identical motion. (*See* Docs. 19, 22, 26, and 28.) Judge Waxse denied his first four motions, stating:

> In his Motions for a Chronological Case Summary Report, Plaintiff is unclear as to what he is requesting. The Clerk is directed to send a copy of the docket sheet to Plaintiff. Plaintiff is required to retain copies of all materials he has submitted to the Court in his case, and generally may be charged for copies. Thus, if he seeks

> copies, he should specify which documents he requires and the Clerk will notify him of the copying costs.  To the extent Plaintiff is intending some other type of relief, Plaintiff may file another motion that clearly states what he is requesting.

(Doc. 37 at 8.)  Plaintiff's new motion is identical to the other four and does not clarify the relief requested.  The Court thus denies Plaintiff's motion for the same reasons Judge Waxse outlined above.

Plaintiff also filed his Second Motion for Discovery and Inspection and Disclosure (Doc. 40), which is identical to his first motion (Doc. 31), save for a couple clerical changes.  These form motions are substantively motions to compel.  These motions are premature, as the Court has not even entered a scheduling order, which would set deadlines for many of the items requested in Plaintiff's motions.  For this reason, the Court finds Plaintiff's motions are premature and denies them without prejudice.

Plaintiff's third motion filed since Judge Waxse's NOSC is his Motion for Summary Judgment (Doc. 38), which is Plaintiff's fifth motion for summary judgment or partial summary judgment.  (*See* Docs. 24, 30, 33, and 34.)  In an effort to clean up the docket sheet at this early stage in the case, the Court denies Plaintiff's motions without prejudice for the following reasons: (1) the motions are virtually, if not wholly, identical, (2) the Court has now dismissed three defendants against whom Plaintiff seeks summary judgment, (3) the two remaining defendants have been served but have not filed any pleadings, and (4) no discovery has taken place—discovery Plaintiff seeks by way of his motions to compel (addressed above).  Plaintiff may refile any motion(s) for summary judgment at a later time.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Fogleman, Roberts, and Russell are hereby dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Chronological Case Summary Report (Doc. 41) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Discovery and Inspection and Disclosure (Docs. 31 and 40) are denied without prejudice as premature.  Plaintiff may file a motion to compel at a later date.

**IT IS FURTHER ORDERED** that Plaintiff's motions for summary judgment in whole or in part (Docs. 24, 30, 33, 34 and 38) are denied without prejudice.

**IT IS SO ORDERED.**

Dated September 23, 2016, at Kansas City, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge