# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TONY B. THOMAS,

    **Plaintiff,**

v.

C. BLAKE, ET AL.,

    **Defendant.**

Case No. 15-3257-JAR-KGS

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 94) and Motion for Relief from Judgment or Order (Doc. 98). Plaintiff Tony B. Thomas, proceeding *pro se*, seeks reconsideration of the Court's February 14, 2018 order dismissing his claims against Defendants C. Blake and J. Westbrooks ("Defendants") pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and entering judgment in the case.[1] Plaintiff also moves for a preliminary injunction (Doc. 92).[2] Defendants have not responded to Plaintiff's motions. For the following reasons, the Court **denies** Plaintiff's motions.

## I. Background

Plaintiff brought this action under 42 U.S.C. § 1983 against Defendants and Aaron T. Roberts, Allan Fogleman, and Michael A. Russell, alleging Fourth, Eighth, and Fourteenth Amendment violations. On September 23, 2016, the Court dismissed Fogleman, Roberts, and

---

[1] Docs. 81, 82.

[2] Plaintiff's motion for preliminary injunction is titled "Preliminary Injunction," but concludes with a request for monetary damages relating to alleged First and Fourth Amendment violations.

Russel because Plaintiff failed to show good cause in writing as to why his claims should not be dismissed for failure to state a claim.[3]

Magistrate Judge K. Gary Sebelius appointed counsel to represent Plaintiff on October 3, 2017.[4] The order appointing counsel was mailed to Plaintiff's last address of record: the Wyandotte County Detention Center, 710 North 7th Street, Kansas City, KS 66101.[5] It was returned as undeliverable, with a note that Plaintiff had left the facility.[6] Plaintiff's appointed counsel was unable to contact him and filed a motion to withdraw on January 4, 2018;[7] according to appointed counsel, the Kansas Adult Supervised Population Electronic Repository stated that Plaintiff was to be supervised by Community Corrections of the Unified Government of Wyandotte County/Kansas City, Kansas and had been on "absconder" status since November 16, 2017.[8] Judge Sebelius granted counsel's motion on January 16, 2018.[9]

On January 16, 2018, Judge Sebelius also ordered Plaintiff to show cause by February 13, 2018 as to why his case should not be dismissed against Defendants for failure to prosecute.[10] Copies of the order were sent by regular and certified mail to Plaintiff's last address of record, namely, the Wyandotte County Detention Center.[11]

---

[3] Doc. 44.
[4] Doc. 66.
[5] *Id.*
[6] Doc. 69.
[7] Doc. 75.
[8] Doc. 77.
[9] *Id.*
[10] Doc. 78.
[11] *Id.*

On January 22, 2018, Judge Sebelius' order to show cause mailings were returned to sender, with a note that Plaintiff had left the facility.[12] Plaintiff did not respond to the show cause order, and on February 14, 2018, the Court dismissed Defendants for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and entered judgment dismissing the case with prejudice;[13] at the time, Plaintiff had not personally made filings in his case since filing a motion for disclosures on July 31, 2017.[14]

On October 22, 2018, Plaintiff filed a Change of Address with the Court.[15] On November 15, 2018, Plaintiff filed a Notice of Appeal Out-of-Time as to the dismissal of Defendants; the Tenth Circuit dismissed Plaintiff's appeal as untimely.[16] Subsequently, on March 1, 2019, Plaintiff filed a Motion for Preliminary Injunction,[17] Motion to Appoint Counsel,[18] and the Motion for Reconsideration.[19] On March 4, 2019, Judge Sebelius denied Plaintiff's Motion to Appoint Counsel.[20] On March 20, 2019, Plaintiff filed his Motion for Relief from Judgment or Order.[21] Defendants did not respond to Plaintiff's motions within fourteen days, as permitted by D. Kan. Rule 6.1(d).

---

[12] Docs. 79, 80.
[13] Docs. 81, 82.
[14] Doc. 59.
[15] Doc. 84.
[16] Docs. 85, 88.
[17] Doc. 92.
[18] Doc. 93.
[19] Doc. 94.
[20] Doc. 97.
[21] Doc. 98.

**II.	Standard**

Under D. Kan. Rule 7.3(a), a party seeking reconsideration of a dispositive order must file a motion under either Fed. R. Civ. P. 59(e) or 60. Plaintiff's Motion for Reconsideration was filed more than twenty-eight days after the order dismissing Plaintiff's claims, so the Court construes it as a motion for relief from judgment under Rule 60 and considers it in conjunction with Plaintiff's Motion for Relief from Judgment.[22]

Because Plaintiff proceeds *pro se*, the Court is mindful that it must construe his pleadings liberally and apply a less stringent standard than which is applicable to attorneys.[23] The Court therefore liberally construes Plaintiff's motions under Fed. R. Civ. P. 60(b), which provides that the Court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[24]

Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[25]

---

[22] Plaintiff's motions make similar arguments regarding his request for the Court to reconsider its February 14, 2018 order dismissing his case.

[23] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[24] Fed. R. Civ. P. 60(b).

[25] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The Court has discretion when granting a motion for relief from an order or judgment under Rule 60(b).[26] Motions under Fed. R. Civ. P. 60(b) must be brought "within a reasonable time."[27] For the first three reasons, a reasonable time is "no more than a year after the entry of the judgment or order,"[28] and the fourth and fifth reasons for relieving a party from judgment are inapplicable here. Thus, as Plaintiff filed his motion more than one year after judgment was entered, his motion must be considered under Fed. R. Civ. P. 60(b)(6). The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[29] But the rule applies "only in extraordinary circumstances and only when necessary to accomplish justice."[30] Such extraordinary circumstances have been found to apply where "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[31]

## III. Discussion

Plaintiff's primary argument for relief from judgment is that he attempted to notify the Court of his change of address, but these notices were not delivered to the Court, and therefore he never received or responded to Judge Sebelius' January 16, 2018 order to show cause. While Plaintiff asserts ground for relief from judgment as "evidence not previously available has become available,"[32] as explained above, the Court must consider Plaintiff's motions under Rule

---

[26] *Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998).

[27] Fed. R. Civ. P. 60(c)(1).

[28] *Id.*

[29] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

[30] *Id.* (quoting *Cashner*, 98 F.3d at 579).

[31] *Id.* at 687–88 (quoting *Cashner*, 98 F.3d at 579).

[32] Doc. 98 at 2.

5

60(b)(6) and must determine whether his circumstances are so extraordinary as to warrant relief from judgment.

Plaintiff asserts that he "was denied access to the courts on 8-22-2017 by the postal service or Leavenworth Detention Center Leavenworth, Kansas 66048 or on 2-21-2018 by FCI Englewood 9595 W. Quincy Ave. Littleton, Co 80123 which interfere[d] with litigation in violation[] of [P]laintiff['s] First Amendment constitutional right."[33] He further explains that on August 22, 2017, he sent a Notice of Change of address to the United States District Court for the District of Kansas, and that on February 21, 2018, he sent another Notice of Change of Address from FCI Englewood.

Pursuant to D. Kan. Rule 5.1(c)(3), a *pro se* litigant "must notify the clerk in writing of any change of address or telephone number." Further, under D. Kan. Rule 5.1(c)(3), "[a]ny notice mailed to the last address of record of an attorney or pro se party is sufficient notice." The local rule mirrors the rule under the Federal Rules of Civil Procedure that service of a court order is complete upon mailing a copy to the last known address of the person served.[34] Indeed, "[i]t would be unreasonable to require courts to wade through a party's file in order to determine the most recent or most likely address at which to contact the party."[35]

The Court followed the proscribed procedure with respect to Judge Sebelius' January 16, 2018 order to show cause. The order to show cause was mailed to Plaintiff's last known address of record—the Wyandotte County Detention Center. At that time, the Court had not received a notice from Plaintiff of an address change. Thus, under the Local Rules and the Federal Rules of Civil Procedure, this mailing constituted sufficient notice to Plaintiff of the order.

---

[33] Doc. 98 at 1.

[34] Fed. R. Civ. P. 5(b)(2)(C); *see Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999).

[35] *Theede*, 172 F.3d at 1267.

Plaintiff argues, that he was nevertheless deprived of access to the courts in violation of his First Amendment rights because he was *unable to notify* the Court of his address changes as required by the Local Rules. Plaintiff asserts that on August 22, 2017, he mailed his notice of change of address at the Leavenworth Detention Center—100 Hwy Terrace, Leavenworth, KS 66048—before he was transported to FCI Englewood.[36] He additionally states that while he was at FCI Englewood—9595 W. Quincy Ave. Littleton, CO 80123—he filed a second change of address notice on February 21, 2018.[37]

Plaintiff produces documents indicating that he made at least one attempt to change his mailing address on August 22, 2017, before Judge Sebelius issued the show cause order. In a January 7, 2019 Prisoner Information Request, Plaintiff sought information about his November 21, 2017 indigent outgoing mail that he attempted to mail to the United States District Court for the District of Kansas, which he believed was not received; the response to his inquiry was that the letter was mailed on August 22, 2017, and that once the mail leaves the Leavenworth Detention Center, it goes to the U.S. Postal Service and the facility loses control over the mailing.[38] An Inmate Mail History sheet confirms that on August 22, 2017, Plaintiff sent outgoing legal mail to "Office of The Clerk, U.S. District, Kansas City, KS 66101."[39] Additionally, with his motion for reconsideration and motion for relief from judgment, Plaintiff attaches two documents titled "Notice of Change of Address" that he purports to have mailed on

---

[36] Doc. 98 at 3.

[37] *Id.*

[38] *Id.*

[39] Doc. 99-1, Ex. B.

February 21, 2018[40] and either August 22 or November 21, 2017.[41] The documents for the 2017 change of address submission contain the same contents, but are inconsistently dated.[42]

While the Court recognizes that Plaintiff may have attempted to notify the Court of his address changes, under the circumstances of this case, the Court finds this is not grounds for relief from judgment. First, as previously discussed, the Court followed proper procedure for mailing its orders to a *pro se* plaintiff by mailing the orders to Plaintiff's last known address. The nonreceipt of the mailings does not affect the validity of service.[43] Second, between July 31, 2017 and October 22, 2018, Plaintiff never contacted the Court regarding the status of his case; he could have presumably done so despite being transferred to different facilities.[44] As demonstrated by the number of previous filings, Plaintiff understood the process of submitting filings to the Court despite his *pro se* prisoner status. Third, instead of filing his motion for relief from judgment in October 2018, he appealed this Court's decision to dismiss Defendants and enter judgment in the case, and only after the denial of his appeal did he file the present motions with the Court. Accordingly, "Plaintiff's allegations are not sufficient to show that he was prevented by circumstances beyond his control from prosecuting his case."[45]

---

[40] Doc. 94-1 at 7; Doc. 99-1, Ex. D.

[41] Doc. 94-1 at 6; Doc. 99-1, Ex. C.

[42] *Compare* Doc. 94-1 at 6 *with* Doc. 99-1, Ex. C.

[43] *Stamper v. Parsons*, No. 01–3470–JWL, 2005 WL 82135, at *3 (D. Kan. Jan. 12, 2005) (citations omitted); *see also* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1148 (4th ed. 2018) (citations omitted) (explaining that because Fed. R. Civ. P. 5(b)(2)(C) "expressly directs that service is complete upon mailing, nonreceipt or nonacceptance of the papers by the person to be served generally does not affect the validity of service").

[44] *See Stamper*, 2005 WL 82135, at *3 (citing as a reason for denying a motion for relief from judgment under Rule 60(b)(6), a *pro se* prisoner's failure to check on the status of his case during a period of eighteen and a half months).

[45] *Kobel v. Lansing Correctional Facility*, No. 13-3088-SAC, 2013 WL 12064535, at *3 (D. Kan. Nov. 12, 2013) (finding that a *pro se* plaintiff who failed to keep himself apprised of the status of his lawsuit while he was changing addresses did not justify relief under Rule 60(b)(6)).

While not diminishing Plaintiff's allegations, Plaintiff has not demonstrated that extraordinary circumstances justify reopening the case and providing relief from the Court's procedurally correct decision to dismiss his action for lack of prosecution. Unless this case is reopened, no motion other than a motion for relief from judgment is appropriate. The Court thus finds that it lacks jurisdiction over Plaintiff's pending Motion for Preliminary Injunction, which must also be denied.

Despite not showing that his circumstances are so extraordinary as to justify relief from judgment, Plaintiff remains free to initiate a new action regarding the newly alleged violations of his First Amendment right of access to the courts.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 94) and Motion for Relief from Judgment or Order (Doc. 98) are **denied**. Plaintiff's pending Motion for Preliminary Injunction (Doc. 92) is also **denied**.

**IT IS SO ORDERED.**

Dated: April 15, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE